UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, a California Corporation; SERVICE EMPLOYEES INTERNATIONAL UNION - - UNITED HEALTHCARE WORKERS WEST (SEIU-UHW), a California Union; and DOES 1-50, inclusive<br><br>Defendants. | No. 2:17-cv-00897-MCE-GGH<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Arthur Gutierrez ("Plaintiff"), a former employee of Defendant Kaiser Permanente ("Kaiser"), seeks redress from Kaiser through the present action for his alleged wrongful termination. In addition to alleging various claims for discrimination, retaliation, wrongful termination and intentional infliction of emotional distress against Kaiser, Plaintiff also asserts that Kaiser breached the applicable union collective bargaining agreement ("CBA") by discharging Plaintiff without just cause and by failing to resolve his grievances in a timely manner. Additionally, in the Sixth Cause of Action, Plaintiff names his union itself, Defendant Service Employees International Union - - United Healthcare Workers West ("the Union") for breaching its duty of fair

1

representation by representing Plaintiff in an arbitrary and discriminatory manner in Plaintiff's post-termination grievance proceedings.

The Union now moves to dismiss the sole cause of action pled against it in Plaintiff's operative Second Amended Complaint ("SAC"). According to the Union, Plaintiff cannot make a duty of fair representation claim since the grievance and arbitration procures called for by the CBA have not yet been exhausted. The Union accordingly claims it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).[1] As set forth below, the Union's Motion is GRANTED.[2]

## BACKGROUND[3]

Plaintiff was allegedly terminated by Kaiser on December 18, 2015, for violating Kaiser's harassment-free work environment policy. Plaintiff claims that Kaiser's justification for his discharge was pretextual and that he was in fact fired because of his race and national origin and in retaliation for having reported an assault involving two of his co-workers.

According to Plaintiff, he immediately met with a Union representative, Lori Pimentel, following his termination and requested that she file a grievance. Pimentel proceeded to file a grievance for wrongful termination on December 28, 2015.

On March 23, 2016, Plaintiff, along with his Union shop steward, appeared at the "Step One" meeting, which Plaintiff describes as the first step in the grievance process under the terms of his CBA. Because the parties were unsuccessful in resolving the grievance at that time, Plaintiff claims that Kaiser should have responded within ten

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

[3] Unless otherwise noted, the facts contained in this section are drawn, sometimes directly, from the allegations contained in the SAC.

days, but in fact failed to do so until August of 2016. At that point the Union moved the matter into "Step Two" of the CBA's grievance procedure, and, on September 27, 2016, Plaintiff, again accompanied by his Union shop steward, appeared at the Step Two meeting.

On April 27, 2017, after allegedly having received no further written update about the status of his grievance, Plaintiff filed the instant lawsuit, and on August 3, 2017, he filed the operative SAC. In the meantime, on June 29, 2017, the Union sent emails to Plaintiff's counsel attaching various documents which Plaintiff claims he had not received beforehand. Those documents included a letter to Plaintiff's Union representative from Kaiser dated June 2, 2017 that again denies the grievance at Step Two despite the fact that the Step Two meeting had taken place nearly eight months beforehand. See Decl. of Bruce A. Harland, Exs. A and B.[4] Thereafter, on June 8, 2017, the Union advised Kaiser that it was requesting that the grievance be advanced to panel arbitration, and asking that the hearing be scheduled in a timely manner. Id.

As far as can be deduced from the papers submitted in connection with the instant motion, the grievance process remains ongoing and no panel arbitration has yet been scheduled.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain

---

[4] The documents forwarded by the Union on June 29, 2016 were not included as Exhibits to the Second Amended Complaint but have been attached to the Harland Declaration in support of the instant motion. Because the documents are discussed within the body of the SAC itself, however, they may properly be considered in the context of this Rule 12(b)(6) motion despite not being physically attached to the pleading. Branch v. Tunnell, 14 F.3d 449, 451 (9th Cir. 1994). Moreover, Plaintiff, in his opposition, agrees that the documents should be considered in adjudicating this motion.

3

statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

As a threshold matter, the Union claims that Plaintiff's only claim against it, for breach of the duty of fair representation, fails in the absence of any allegation that the contractual grievance procedures available under the CBA have been exhausted. The Ninth Circuit has observed that "[a]s a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement." Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990). "This requirement applies with equal force to claims brought against a union for breach of the duty of fair representation," and "[f]ailure to utilize the grievance procedures . . . bars grievants from pursuing remedies in court." Id. As the Ninth Circuit reasoned, grievants must, at the very least, "present and prosecute their grievances through contractual procedures before complaining of the inadequacy of those processes." Id. at 1318-19. It is therefore proper to dismiss, without prejudice, a duty of fair representation claim where plaintiff has not yet completed the grievance and

arbitration process.  White v. Sutter Delta Medical Center, No. C12-1511 THE, 2013 WL 1195429 at * 3-4 (N. D. Cal. Mar. 22, 2013).

As set forth above, it appears uncontroverted that the grievance process has not been concluded.  On June 8, 2017, following its receipt of Kaiser's denial of Step One of the grievance some six days previously, the Union formally requested that the matter proceed to panel arbitration, and asked that that arbitration be scheduled in a timely manner.  Harland Decl., Exs. 1 and B.  The Union filed its Motion to Dismiss on August 17, 2017, and briefing on that Motion concluded with the Union's October 12, 2017, Reply to Plaintiff's previously submitted September 20, 2017, Opposition.  Neither party represented to the Court, at any time prior to submission of this matter on October 17, 2017, that grievance proceedings had been concluded, and there have been no subsequent filings to alert the Court that exhaustion has since occurred.  Consequently, unless Plaintiff can convince the Court that, under the circumstances present here, exhaustion should not bar his duty of fair representation claim against the Union, dismissal of that claim is proper.  That determination requires an analysis of whether any exception to the exhaustion requirement would permit Plaintiff's claim to go forward.

Courts have recognized two such exceptions.  The first involves instances "where the 'union has sole power under the contract to invoke the higher stages of the grievance procedure, and if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance.'"  Carr, 904 F.2d at 1319 (quoting Vaca v. Sipes, 386 U.S. at 185) (emphasis in original).  The second exception recognized by the case law arises where a plaintiff "allege[s] a breach of the duty of fair representation with regard to negotiating the collective bargaining agreement."  Carr, 904 F.2d at 1319.

The second exception has no bearing on this matter since Plaintiff does not allege that the Union breached any duty of fair representation with respect to how it negotiated any provision of the CBA.  That leaves the question of whether Plaintiff has been

precluded from exhausting his grievance because the Union wrongfully refused to process it. There has been no such showing. To the contrary, Plaintiff's own SAC concedes that the Union filed a grievance on his behalf (at ¶ 38), that the Union processed that grievance through Step One and Step Two (at ¶¶ 43-49, 133-34), and that the Union has since requested an arbitration hearing following its receipt of the Kaiser's June 2, 2017 letter denying the grievance at Step Two (at ¶¶ 58, 138). Plaintiff has not alleged that the Union abandoned his grievance or refused to process it, and the above-enumerated allegations indicate just the opposite. At the most, Plaintiff seems to complain that he received "conflicting verbal information" from the Union regarding the status of his grievance. SAC, ¶¶ 52, 136. That would appear to belie Plaintiff's own admission that his counsel received notice of Kaiser's denial of Step Two and the Union's subsequent request for panel arbitration, in June of 2017, the same month that both events occurred. Moreover, and in any event, Plaintiff provides no further specificity as to what the "conflicting information" actually was. As the Supreme Court has explicitly recognized, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In its Reply, the Union describes Kaiser's apparent delay in processing Plaintiff's grievance as "frustrating" not only to Plaintiff, but to the Union as well. Reply, 3:1-2. As the Union also points out, however, it has no control over when an employer like Kaiser responds to a grievance so as to invoke an employee's access to the next level of escalation. The salient fact at this point is that, regardless of any delay, the grievance process still proceeds, and until it is concluded there has been no exhaustion. Where, as here, the failure to exhaust is apparent on the face of the complaint, dismissal under Rule 12(b)(6) is proper. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2003).[5]

---

[5] The Court recognizes that the Union has made additional arguments in its Motion as to why, even apart from exhaustion, Plaintiff has failed to state a viable duty of fair representation claim. Because, as set forth above, the Court concludes that Plaintiff cannot even meet the threshold requirement of showing that he has exhausted his contractual rights under the CBA so as to make his claim against the Union proper in the first instance, the Court need not rule on those remaining arguments and declines to do so.

**CONCLUSION**

Given Plaintiff's failure to exhaust the grievance process available to him under the CBA, a failure that is apparent on the face of the operative SAC, the Union's Motion to Dismiss (ECF No. 28) is GRANTED. While Plaintiff will be accorded leave to amend in the event that he can now plead that exhaustion has in fact taken place, or should otherwise be disregarded, Plaintiff is nonetheless cautioned that any attempt to do so absent an unequivocal showing will be met with disfavor. Any further amended complaint must be filed not later than twenty (20) days following the date this Memorandum and Order is electronically filed.

IT IS SO ORDERED.

Dated: March 17, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE