UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KAISER PERMANENTE, a California Corporation; SERVICE EMPLOYEES INTERNATIONAL UNION -- UNITED HEALTHCARE WORKERS WEST (SEIU-UHW), a California Union; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | No. 2:17-cv-00897-MCE-GGH<br><br><br>**ORDER** |

On May 23, 2018, Plaintiff requested ex parte relief in this matter through the filing of a document entitled "Application for Issuance of a Scheduling Order Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 240, and to Extend Discovery Deadline". ECF No. 57. In that Application, Plaintiff claims uncertainty with respect to discovery commencement and completion dates. According to Plaintiff, an alleged "discrepancy" exists between the Court's seven-page Initial Pretrial Scheduling Order dated April 28, 2017 (ECF No. 3), and the parties' subsequent Joint Scheduling Conference Statement filed July 19, 2017. ECF No. 21.

1

While Plaintiff alleges that the parties requested that discovery not commence until 14 days after the filing of answers by the Defendants, and although such answers have not yet been filed given ongoing motion practice challenging the pleadings, the fact remains that the Court's April 28, 2017 Scheduling Order is still in effect. That Order unequivocally called for completion of discovery by 365 days following the date this case was filed, or by April 27, 2018. Moreover, the parties' own Joint Statement made clear that they were aware of the discovery deadline, and the Court's review of the file indicates that Kaiser in fact commenced discovery before the April 27, 2018 deadline expired.

Since the parties had an Order dictating when discovery was to be completed, and since they themselves acknowledged that date in their Joint Statement, there is no discrepancy. To that end, Plaintiff's counsel is advised that the statements of parties, even if they are in agreement with one another, are insufficient to override the directives included in this Court's orders unless and until a further order of the Court is issued. To the extent Plaintiff now seeks relief from the provisions of the Court's Initial Scheduling Order, it must do so either by filing a regularly noticed motion for modification of that Order under Federal Rule of Civil Procedure 16(b)(4) (demonstrating the requisite "good cause") or present a stipulation to extend discovery to the Court for consideration. Plaintiff's Ex Parte Application (ECF No. 57) is accordingly DENIED.

IT IS SO ORDERED.

Dated: June 7, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE